UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 OCT -6  A 9: 26

| | |
|---|---|
| UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY, LOCAL 52 EMPLOYEE PENSION PLAN; MICHAEL S. TURNER, TIMOTHY D. COOPER, DONALD GILBERT, and TIMOTHY M. BEAM in their official capacities as trustees; U.A. LOCAL 52 HEALTH & WELFARE PLAN, MICHAEL S. TURNER, TIMOTHY D. COOPER, DONALD GILBERT, and TIMOTHY M. BEAM in their official capacities as trustees; PLUMBERS & STEAMFITTERS LOCAL UNION 52 JOINT APPRENTICESHIP TRUST, TIM COOPER, MIKE TURNER, and RONNY TAYLOR, in their official capacities as trustees, | * |
| Plaintiffs, | * |
| v. | * Civil Action No. 2:06CV903-WKW |
| DAWSON BUILDING CONTRACTORS, INC., | * |
| Defendant. | * |

## COMPLAINT

### Jurisdiction

1. This action arises under §505 and §515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §1145 and 29 U.S.C §1132.

1

## Parties

2. Plaintiff, Michael S. Turner is a management Trustee on the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local 52 Employee Pension Plan [hereinafter "Pension Plan"], the U.A. Local 52 Health and Welfare Plan [hereinafter "Welfare Plan"] and the Plumbers & Steamfitters Local 52 Joint Apprenticeship Trust [hereinafter "JAT Plan"]. He is the President of Turner Chiller Services. Mr. Turner is a "fiduciary" on the Pension, Welfare and JAT Plans within the meaning of ERISA, 29, U.S.C. §1003(21)(A).

3. Plaintiff, Donald Gilbert is a union Trustee on the Pension and Welfare Plans. He is the Business Agent of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local Union 52. Mr. Gilbert is a "fiduciary" on the Pension and Welfare Plans within the meaning of ERISA, 29, U.S.C. §1003(21)(A).

4. Plaintiff, Timothy Cooper is a union Trustee on the Pension, Welfare and JAT Plans. He is the Business Manager of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local Union 52. Mr. Cooper is a "fiduciary" on the Pension, Welfare and JAT Plans within the meaning of ERISA, 29, U.S.C. §1003(21)(A).

5. Plaintiff, Timothy M. Beam is a union Trustee on the Pension and Welfare Plans. He is President of United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local Union 52. Mr. Beam is a "fiduciary" on the Pension and Welfare Plans within the meaning of ERISA, 29, U.S.C. §1003(21)(A).

6. Plaintiff, Ronny Taylor, is a union Trustee on the JAT Plan. He is a member of United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry,

Local Union 52. Mr. Taylor is a "fiduciary" on the JAT Plan within the meaning of ERISA, 29, U.S.C. §1003(21)(A).

7. Plaintiff, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, Local 52 Employee Pension Plan is a Taft-Hartley trust fund established pursuant to § 301(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c)(5).

8. Plaintiff, U. A. Local 52 Health and Welfare Plan is a Taft-Hartley trust fund established pursuant to §301(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185(c)(5).

9. Plaintiff, Plumbers & Steamfitters Local 52 Joint Apprenticeship Trust, is a welfare trust fund established pursuant to §301(c)(6) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c)(6).

10. The Defendant, Dawson Building Contractors, Inc. [hereinafter "Dawson"], a corporation, upon information and belief, is a corporation organized under the laws of the State of Florida. Dawson is also an "employer" within the meaning of ERISA, 29 U.S.C. § 1002(5).

### Nature of the Claim

11. This is a proceeding for a declaratory judgment finding that the Defendant is in violation of the Plan's documents, ERISA, and the collective bargaining agreement by failing to make required contributions to the Plaintiffs, and as a result is delinquent in amounts shown by the requested audit. Plaintiffs also seek a preliminary and permanent injunction requiring the Defendant to comply with its contractual obligations under the collective bargaining agreement and requiring the Defendant to submit to an audit of its payroll accounts as required by the

collective bargaining agreement, the trust and ERISA.

### Facts

12. The Pension, Welfare and JAT Plans are "trust funds" established by collective bargaining pursuant to § 302(c)(5) and (6) of the National Labor Relations Act, 29 U.S.C. § 186(c)(5) and (6) for the purposes of providing employee pension and welfare benefits to, among others, eligible employees of the Defendant, Dawson, a corporation. The Pension Plan is also an "employee pension benefit plan" within the meaning of ERISA, 29 U.S.C. § 102(2). The Welfare and JAT Plans are "employee welfare benefit plans" within the meaning of ERISA, 29 U.S.C. §102(1). The Pension, Welfare and JAT Plans are also "multiemployer plans" within the meaning of ERISA, 29 U.S.C. §1002(37)(A). As such, employers and employees are equally represented in the administration of the Plans. Additionally, plan fiduciaries, like the Trustee Plaintiffs, have an obligation to use reasonable diligence to ensure that the Pension, Welfare and JAT Plans receive all contributions owed to them. This diligence in collections is required by ERISA for several reasons, including prohibiting extensions of credit to employers who fail to make required contributions and reducing the likelihood of other contributing employers from subsidizing the delinquent employers since participants must be awarded credit on the basis of service performed for the employer regardless of whether the employer has made or defaulted on its contributions.

13. At all relevant times herein, Dawson was a signatory to a collective bargaining agreement with the United Association of Journeymen & Apprentices of the Plumbing and Pipefitting Indsutry of the U.S. and Canada, AFL-CIO, Local 52, and consequently was a contributing employer under the Plans. The collective bargaining agreement had effective dates

from January 19, 2005 through the completion of the plumbing installation work at the Victor Tulane Court Project located in Montgomery, Alabama. In said collective bargaining agreement, Dawson agreed, among other things, to make pension and welfare contributions to the Pension Welfare and JAT Plans.

14. The Plan's records indicate that Dawson failed to make timely, accurate contributions to the Pension, Welfare and JAT Plans between September 2005 and July 2006. Defendant has worked employees on whose behalf contributions for pension and welfare benefits are required by the applicable collective bargaining agreement between September 2005 and July 2006. Defendant is delinquent in contributions to the Pension Plan in the amount of $2,866.98; Welfare Plan in the amount of $37,046.31; and, JAT Plan in the amount of $908.15. In addition to the delinquencies owed to the Pension, Welfare and JAT Plans, Defendant owes liquidated damages, interest and attorney fees.

15. Under the terms of the collective bargaining agreement, the Plan documents and ERISA Sections 502(g)(2), 29 U.S.C. §1132 (g)(2), and 515, 29 U.S.C. §1145, the Pension Plan is entitled to the unpaid amounts of contributions, liquidated damages in the amount of twenty-five percent (25%) of the contributions owed and interest as provided by §6621 of the Internal Revenue Code of 1954. The Welfare Plan is entitled to the unpaid amounts of the contributions, liquidated damages in the amount of twenty-five percent (25%) of the contributions owed and interest at the rate of twelve percent (12%) per annum. The JAT Plan is entitled to the unpaid amounts of the contributions owed, liquidated damages in the amount of twenty-five (25%) and interest on the unpaid contributions.

16. Dawson has employed employees covered by the collective bargaining

agreement and failed to make the accurate contributions to the Pension, Welfare and JAT Plans as required by the collective bargaining agreement, the trust and ERISA between September 2005 and July 2006. The failure of Dawson to make the contributions referred to herein, constitutes violations of the collective bargaining agreement, the declaration of trust and ERISA.

### Count I: Violation of 29 U.S.C. §1145

17. At all relevant times herein, Dawson was a signatory to a collective bargaining agreement and was a contributing employer under the Plans. In said collective bargaining agreement, Dawson, agreed among other things, to make pension and welfare contributions to the Pension, Welfare and JAT Plans.

18. Dawson has failed to make the contributions required by the collective bargaining agreement, the trust and ERISA. The Plan's records indicate that Dawson has failed to make contributions to the Plans from September 2005 to July 2006. Defendant has worked employees on whose behalf contributions for pension and welfare benefits are required by the applicable collective bargaining agreement between September 2005 and July 2006. In addition to the specific contributions owed to the Pension, Welfare and JAT Plans, Defendant is also liable for liquidated damages, interest and attorney fees.

19. The Trustees of the Pension, Welfare and JAT Plans have requested that Dawson make all payments which are due. Dawson has refused to do so. The failure of Dawson to make the contributions referred to herein, constitutes violations of the collective bargaining agreement, the declaration of trust and ERISA.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court advance this case on the

docket, order a speedy hearing at the earliest practicable date, and cause this matter to be in every way expedited and upon hearing, to:

    a.    Order the Defendant to submit to an audit of its payroll accounts as required by the trust and by ERISA;

    b.    Issue a declaratory judgment finding that Defendant is in violation of the collective bargaining agreement, the Pension, Welfare and JAT Plan's documents and ERISA, and that the Defendant is delinquent in pension and welfare contributions in such amounts as are shown by the audit conducted, plus liquidated damages and interest;

    c.    Issue an injunction requiring Defendant to abide by the collective bargaining agreement and pursuant to the terms thereof, fulfill the monetary obligations to the Pension, Welfare and JAT Plans under the collective bargaining agreement;

    d.    Reduce the delinquency amount to the Pension, Welfare and JAT Plans to a judgment to enable the Plaintiffs to collect all monies owed by the Defendant Dawson;

    e.    Order the Defendant to pay such reasonable attorney's fees and costs of audit as are incurred by the Plaintiffs in bringing this action; and

    f.    Grant such additional and further relief as in equity the Court deems proper and just.

BY: _Kimberly C. Walker_
J. Cecil Gardner
(GARDJ3461)
Kimberly Calametti Walker
(CALAK4410)

OF COUNSEL:

GARDNER, MIDDLEBROOKS,
GIBBONS, OLSEN & WALKER, P.C.
1119 Government Street
P.O. Box 3103
Mobile, AL 36652
251-433-8100
251-433-8181 (fax)


Please serve Defendant via certified mail in care of its Registered Agent:

James Madison Dawson
350 Locust Street
Gadsden, AL 35901